**TAFT v. BOWERS, Collector of Internal Revenue.**

**GREENWAY v. SAME.**

(District Court, S. D. New York. August 5, 1926.)

1. **Internal revenue** ⊚⇒7(3).

No part or portion of the value of an outright bona fide gift as of date of delivery constitutes taxable income in hands of donee.

2. **Internal revenue** ⊚⇒7(3).

Difference between cost to donor of property the subject of a gift and its value as of date of delivery to donee is not taxable as income in hands of donee.

3. **Internal revenue** ⊚⇒7(3).

Donee's liability for future income from gift must be based on its value as of time of delivery, and not on cost of property given at time of its acquisition by donor.

4. **Internal revenue** ⊚⇒2(2).

Sixteenth Amendment to Constitution conferred no power on Congress to tax gifts.

At Law. Actions by Elizabeth C. Taft and Gilbert C. Greenway, Jr., against Frank K. Bowers, Collector of Internal Revenue. Motion to dismiss complaints denied, and judgments for plaintiffs.

Cadwalader, Wickersham & Taft, of New York City (Henry W. Taft and Clarence Castimore, both of New York City, of counsel), for plaintiff Taft.

Baldwin, Hutchins & Todd, of New York City (Robert A. Young and E. Raymond Shepard, both of New York City, of counsel), for plaintiff Greenway.

Emory R. Buckner, U. S. Atty., of New York City (Sherwood E. Hall, Asst. U. S. Atty., of New York City, of counsel), for defendant.

KNOX, District Judge. [1-3] It is my opinion that no part or portion of the value of an outright bona fide gift as of the date of delivery is, or can, constitute taxable income in the hands of the donee. So far as the latter is concerned, the gift is a capital transaction. His liability for future income therefrom must be based on the value of the gift as of the time the transaction is complete, and not upon the cost of the property at the date of its acquisition by the donor.

If the construction of the tax law, for which the government contends, should be applied, it means that the donee of property is to be taxed upon an increment in value which, if it can be regarded as income at all, is income to another, viz. the donor. A tax levied upon that increment in the hands of the donee necessarily results in a direct levy upon the gift. If the gift consisted of money, would it be argued that the donee is to be taxed on the difference in value of the money—that is, its purchasing power—as between the date of its acquisition by the donor and the date of its delivery to the donee? I think not. The money would be regarded as capital in the hands of the donee, and so I think that that which may be converted into money, as of the date upon which it is given away, must, so far as the donee is concerned, also be regarded as capital.

[4] According to my views, the sixteenth Amendment to the Constitution conferred no power upon the Congress to tax gifts. Very likely, it is possible to devise reasonably plausible arguments to the effect that what is transferred by the donor is nothing more than his original investment therein, and to cite various decisions which contain expressions that may be tortured to support the argument; but the fact remains that the common understanding of a gift is that the donee acquires, absolutely and completely, the entire value of the donation as of the date of transfer. Until a higher court than this is willing to indorse a different principle, I certainly shall not do so.

The motion to dismiss the complaint is denied, and the plaintiffs may have judgment for the claim asserted against the Collector. He, of course, will be granted a certificate.